UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MARKEVIUS BUIE | CIVIL ACTION NO. 3:12-cv-2140 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| SHERIFF JAY RUSSELL, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Markevius Buie, proceeding *in forma pauperis*, filed the instant civil rights complaint on August 9, 2012. Plaintiff is a pre-trial detainee at the Ouachita Correctional Center (OCC); he is awaiting trial on unspecified charges presumably lodged in either the Fourth Judicial District Court or the Monroe City Court. He complains that on two separate occasions in August, his requests to visit the law library were ignored. He sued Ouachita Parish Sheriff Jay Russell and Dys. Holly and Wells. He prays for an order transferring him to another facility where he can prepare for his upcoming trial. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

Plaintiff's complaint provides little in the way of specific information; however, based upon his Statement of Claim and Relief it appears that he is awaiting trial on some unspecified charges, and, in August 2012, twice sought access to the OCC law library in order prepare for

trial, but was denied.

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C. §1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). On the other hand, a complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but,

2

they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff has filed an original complaint and has adequately set forth the parameters of his claim; he need not be afforded the opportunity for further amendment.

*2. Access to Courts*

Plaintiff claims that he was twice denied access to the OCC library during the month of August 2012. He thus contends that the defendants have denied him access to courts with regard to his attempts to assist in the defense of pending criminal charges. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999); *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access

3

to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). Plaintiff has not shown how his ability to prepare and transmit legal documents has in any way been inhibited as a result of the defendants' failure to allow him access to the OCC law library in August.

Furthermore, in order to state a claim based on the denial of a prisoner's access to the courts, a plaintiff must show actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). He must "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354.

Plaintiff has not shown that he was prejudiced in his ability to litigate this law suit or any other with respect to the alleged fault of the defendants. Further, with regard to his claim that he has been denied the opportunity to prepare for the trial of his pending criminal charges, he likewise fails to state a claim for which relief may be granted. In *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir.1981) the Fifth Circuit held that in the absence of extraordinary circumstances, a

criminal defendant represented by counsel does not have a constitutional right to file every *pro-se* motion he wants to file in addition to his attorney's motions. In *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir.1996) the Fifth Circuit held that even an inmate who rejected the assistance of his court-appointed attorney "had no constitutional right to access a law library in preparing the *pro-se* defense of his criminal trial."

In other words, providing, or even offering to provide, legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library. *See Lewis v. Casey*, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (relying on *Bounds v. Smith*, 430 U.S. at 830, 97 S.Ct. 1491. It is unclear whether or not plaintiff is represented by counsel in the pending criminal charges. It is safe to assume however, that he has either (1) retained counsel; (2) obtained court-appointed counsel; or (3) waived counsel and chosen to represent himself. He is thus not constitutionally entitled to access the law library with regard to the pending charges. Further, even if he is entitled to such access, he has not shown prejudice resulting from the failure of the defendants to permit access on only two occasions.

Plaintiff has not been denied access to the courts either with regard to the litigation of this *pro se* civil rights complaint or with regard to his pending criminal charges. Plaintiff's access to courts claim is frivolous and fails to state a claim for which relief may be granted.

### *Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, September 28, 2012.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE